Félix C. Mas, Plaintiff and Appellee, *v.* Faustino Berríos Sánchez, Defendant and Appellant.

No. 7669.   Argued February 14, 1938.—Decided March 29, 1938.

*González Fagundo & González, Jr.* for appellant.   *H. González Blanes* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

From a judgment for plaintiff in an action of unlawful detainer entered on June 30, 1937, the defendant appealed to

this Court on July 6 following. On December 29, 1937, the record was filed, and on January 27, 1938, appellant's brief was filed. At this point, appellee moved on February 4, 1938, to dismiss the appeal on the ground that the bond on appeal had been declared void, to which appellant filed a writ- ten objection, averring that the order of nullity was not final by reason of an appeal therefrom. There was a hearing on the motion to dismiss on February 14 last, at which only counsel for appellant appeared.

To appeal from a judgment of eviction in an action of unlawful detainer, it is necessary to deposit in court the amount of the rentals owed when the action is based on fail- ure to pay the agreed rentals, and in any other case to fur- nish a bond satisfactory to the trial court to answer for the damages which may be caused to plaintiff and for the costs of the appeal. Section 631, Code of Civil Procedure, 1933 ed.

This being so, it is clear that if a bond is furnished and then declared void, the appeal fails and may be dismissed. See the case of *Suau* v. *Pol,* 51 P.R.R. ____.

Here, as we know, the finding of nullity was made, but an appeal was taken therefrom, and the question for con- sideration is the effect of that appeal on the dismissal applied **for.**

If the order was appealable, its effects were suspended once an appeal was taken therefrom. Sections 297 and 298 of the Code of Civil Procedure, 1933 ed. Jurisdiction passed to this Supreme Court, and this Court has as yet decided nothing on the point. At this moment the status of the case is as follows: a bond has been held to be void by a district court, but the holding has not become final by reason of an appeal therefrom, which is being perfected.

Neither of the parties has presented any authorities on the effect of an appeal in a case such as this. We have doubts, since it is fundamental in an action such as that of unlawful detainer that an appeal may not be taken without

furnishing a bond satisfactory to the trial court, and since if we admit that the appeal from the order finding the bond invalid—which requires no bond—has the effect of suspending the appeal in the action of unlawful detainer, we would perhaps be deciding as a matter of fact that the execution of a judgment in an action of unlawful detainer might indirectly be delayed without a valid bond, a result contrary to the statute.

Nevertheless, since appellee has not objected to the question raised by appellant, in the absence of a showing to the contrary and since it is extremely easy to clarify the situation by a motion to dismiss the appeal from the order declaring the bond invalid to determine whether the appeal is meritorious or not, we shall apply the general rule and hold that since the order declaring the bond invalid is not final, the appeal may not be dismissed upon the ground that the required bond on appeal is lacking.

The motion to dismiss must therefore be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.